IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Timothy Donald Dingle | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 9:19-02426-JD-MHC |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Warden of Lieber Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Molly Cherry, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Timothy Donald Dingle ("Petitioner" or "Dingle"), a state prisoner brought this *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (DE 1.) Respondent filed a Motion for Summary Judgment on April 23, 2020. (Mot. Summ. J., DE 41.)

As the Plaintiff is proceeding *pro se*, the court issued an order on or about April 24, 2020, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately to the motion. Plaintiff filed a response in opposition on May 18, 2020. (DE 47.) Thereafter, Magistrate Judge Cherry issued a Report and Recommendation, recommending that Respondent's Motion for Summary Judgment be granted and Dingle's petition be dismissed. (R&R, DE 58.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Dingle filed objections to the Report and Recommendation; however, to be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See <u>United States v. Schronce</u>, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of <u>specific</u> objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that Dingle's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. Accordingly, after review, the court finds that Dingle's objections are without merit. Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Cherry's Report and Recommendation and incorporates it herein by reference.

It is therefore **ORDERED** that the Respondent's motion for summary judgment, Docket Entry 41, is granted and for the same reasons, Dingle's Petition for Writ of Habeas Corpus, Docket Entry 1, be dismissed.

**IT IS SO ORDERED**.

                                            s/Joseph Dawson, III
                                            Joseph Dawson, III
                                            United States District Judge

February 8, 2021
Greenville, South Carolina

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.